IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| ANDREA RIVERS YOUNG, | ) | CIVIL ACTION NO. 9:14-3792-TMC-BM |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of the final decision of the Commissioner wherein she was denied disability benefits.

This case was referred to the undersigned for a report and recommendation pursuant to Local Civil

Rule 73.02(B)(2)(a)(D.S.C.).

Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security

Income ("SSI")[1] on August 4, 2011 (protective filing date), alleging disability beginning May 1, 2002,

due to major depressive disorder with psychotic features.  (See R.pp. 13, 282, 284, 308).[2]  Plaintiff's

---

[1]Although the definition of disability is the same under both DIB and SSI; Emberlin v. Astrue, No. 06-4136, 2008 WL 565185, at * 1 n. 3 (D.S.D. Feb. 29, 2008); "[a]n applicant who cannot establish that she was disabled during the insured period for DIB may still receive SSI benefits if she can establish that she is disabled and has limited means." Sienkiewicz v. Barnhart, No. 04-1542, 2005 WL 83841, at ** 3 (7th Cir. Jan. 6, 2005); see also Splude v. Apfel, 165 F.3d 85, 87 (1st Cir. 1999)[Discussing the difference between DIB and SSI benefits].

[2]Plaintiff's counsel noted at the hearing that Plaintiff previously received disability benefits until 2004 (R.p. 37), but there is no indication that the cessation of those benefits is properly before

(continued...)



claims were denied both initially and upon reconsideration.  Plaintiff then requested a hearing before

an Administrative Law Judge ("ALJ"), which was held on May 22, 2013.  (R.pp. 32-50).  The ALJ

thereafter denied Plaintiff's claims in a decision issued July 2, 2013.  (R.pp. 13-26).  The Appeals

Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the

determination of the ALJ the final decision of the Commissioner.  (R.pp. 1-3).

Plaintiff then filed this action in United States District Court.  Plaintiff asserts that

there is not substantial evidence to support the ALJ's decision, and that the decision should be

reversed and remanded for further consideration, or for an outright award of benefits.  The

Commissioner contends that the decision to deny benefits is supported by substantial evidence, and

that Plaintiff was properly found not to be disabled.

## Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the

Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate

conclusions reached by the Commissioner are legally correct under controlling law.  Hays v. Sullivan,

907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978);

Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980).  If the record contains substantial evidence

to support the Commissioner's decision, it is the court's duty to affirm the decision.  Substantial

evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular
> conclusion.  It consists of more than a mere scintilla of evidence but may be
> somewhat less than a preponderance.  **If there is evidence to justify refusal to direct**

---

[2](...continued)
this Court.  Plaintiff had also previously filed an application for benefits on April 23, 2007; (R.p.
293); but the ALJ found no good cause or other basis to reopen that prior application.  (R.p. 13).



> **a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)).

The Court lacks the authority to substitute its own judgment for that of the Commissioner.  Laws, 368 F.2d at 642.  "[T]he language of [405(g)] precludes a *de novo* judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'"  Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

### Discussion

A review of the record shows that Plaintiff, who was forty-five years old on her alleged disability onset date and fifty-six years old at the time of the ALJ's decision, has a high school education and past relevant work experience as a laundry worker.  (R.pp. 20, 24, 282, 284). In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for a continuous period of not less than twelve (12) months.

After a review of the evidence and testimony in the case, the ALJ determined that, although Plaintiff does suffer from the "severe" impairments[3] of depression, a learning impairment, and degenerative disc/joint disease (R.p. 15), she nevertheless retained the residual functional

---

[3]An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities. See 20 C.F.R. § 404.1521(a); Bowen v. Yuckert, 482 U.S. 137, 140–142 (1987).



capacity ("RFC") to perform light work,[4] limited to occupations which involved the performance of simple, routine, repetitive tasks, with no direct customer service. Additionally, the ALJ found that Plaintiff could not work in a fast-paced production work environment. (R.p. 20). At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a laundry worker with these limitations, and was therefore not entitled to disability benefits during the period at issue. (R.p. 24). Plaintiff asserts that in reaching this decision, the ALJ's step four finding (that Plaintiff is able to perform her past relevant work as a hotel laundry worker)[5] and his listing analysis[6] are not supported by substantial evidence. Laws, 368 F.2d 640 [Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion"]. After careful review and consideration of the arguments presented, and for the reasons set forth hereinbelow, the undersigned is constrained to agree with the Plaintiff that the ALJ committed reversible error as to his step four determination.

---

[4]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

[5]One of Plaintiff's original arguments was also that the ALJ erred at step four in finding that she had past relevant work at all, because the exact last date of Plaintiff's last job was unknown, and if the last date was more than fifteen years prior to the ALJ's decision on July 2, 2013, a finding of disabled was directed by the Medical-Vocational Guidelines at Rule 202.04. However, the Commissioner has identified evidence in the record indicating that Plaintiff's past relevant work was within fifteen years of the date of the ALJ's decision, as Plaintiff last performed the job of hotel laundry worker on July 15, 1998. (R.pp. 304, 320; see R.pp. 309, 315, 382), and Plaintiff appears to concede this in her reply brief. Therefore, the undersigned finds no error in the Commissioner's determination that Plaintiff had past relevant work as a hotel laundry worker.

[6]In the Listings of Impairments, "[e]ach impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results." Sullivan v. Zebley, 493 U.S. 521, 530 (1990). A claimant is presumed to be disabled if his or her impairment meets or is medically equivalent to the criteria of an impairment set forth in the Listings. See 20 C.F.R. § 416.925.

4



Past relevant work is defined as "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. §§ 404.1560, 416.960. At the fourth step of the disability inquiry, a claimant will be found to be "not disabled" if she is capable of performing her past relevant work either as she performed it in the past or as it is generally required by employers in the national economy. SSR 82-61. In determining this issue, Social Security Ruling 82-62 requires the ALJ to determine the following when evaluating whether a claimant can perform her past relevant work:

1.   A finding of fact as to the individual's RFC.

2.   A finding of fact as to the physical and mental demands of the past job/occupation.

3.   A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

SSR 82-62, 1982 WL 31386, at *4.

The ALJ determined that Plaintiff was capable of performing light work, and the Commissioner contends that the ALJ properly found (with respect to the second criteria shown hereinabove) that Plaintiff's past relevant work was light work because the VE identified Plaintiff's past relevant work by using the Dictionary of Occupational Titles (DOT)[7] code for a domestic laundry worker, which is light work. (R.p. 48). However, Plaintiff asserts that the ALJ's decision that she could perform her past relevant work is not supported by substantial evidence because the VE misidentified Plaintiff's past relevant work (after being asked by the ALJ to tell him about the job of

---

[7] The DOT is "a publication of the United States Department of Labor that contains descriptions of the requirements for thousands of jobs that exist in the national economy." Burns v. Barnhart, 312 F.3d 113, 119 (3d Cir. 2002). "[T]he DOT, in its job definition, represents approximate maximum requirements for each position rather than the range." See Fenton v. Apfel, 149 F.3d 907, 911 (8th Cir. 1998).

5



"laundry worker") by citing to the DOT number for a domestic laundry worker, when her past relevant work was as a commercial laundry worker. The ALJ made no distinction when posing his question to the VE about what type of laundry work was at issue, even though the difference between the two professions is significant in this case, as the domestic laundry worker position is performed at the light exertional level (which the ALJ determined Plaintiff could perform), while the commercial laundry worker position is performed at the medium exertional level.[8] Cf. DOT No. 361.865-018 [commercial laundry worker] with DOT No. 302.685-010 [domestic laundry worker]. Plaintiff argues that the ALJ compounded this error by failing to make a finding as to whether her past relevant work was light or medium, by then relying on VE testimony that described Plaintiff's past work differently than was reflected in the record of the case, and by accepting the VE's testimony based on a DOT number that did not match Plaintiff's own description of her past work, such that there was a conflict which was not resolved. The undersigned agrees.

There is no indication in the ALJ's decision that he ever made any findings as to the physical and mental demands of Plaintiff's past relevant work as a hotel laundry worker. While the Commissioner argues that the VE properly categorized Plaintiff's past relevant work as "light" based on her testimony that she last worked as a laundry worker for the Charleston Place Hotel; Commissioner's Brief, ECF No. 15 at 8; a review of the hearing transcript reveals that Plaintiff simply testified that her last job was working in the laundry room at the Charleston Place Hotel, and that she stopped working because her knee, head, and back were hurting. (R.pp. 36-37). The ALJ did not ask Plaintiff any questions concerning the physical or mental requirements of her job (see

---

[8]Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §§ 404.1567©), 416.967©).

6



R.pp. 34-41), nor did he ever make any findings about what her past work entailed. Rather, he simply asked the VE to tell him about the job of "laundry worker", without defining what level of work was at issue, and then relied solely on the VE's testimony about the demands of a *domestic* laundry worker position to determine that Plaintiff could perform her past relevant work. (R.pp. 24, 48).[9]

However, a Work History Report completed by Plaintiff's daughter on February 15, 2012, indicates that Plaintiff's position as a laundry worker for linen services was performed at the medium work exertional level. (R.pp. 330-337). Although this report does not specifically address the requirements of the laundry worker job at the hotel, at previous levels of review (R.pp. 76, 91, 110, 126) Plaintiff's past relevant work from 1994 to 1998 (the hotel laundry worker position) was identified as DOT Number 361.685-018, Laundry Worker II, which again describes the job as medium work.[10] Thus, there is a clear discrepancy between the VE's testimony citing the DOT code for a domestic laundry worker, which is a light work job and which was relied on by the ALJ in

---

[9]At step four of his decision, the ALJ set out the definition of past relevant work and then wrote:

> The vocational expert testified that the claimant has past relevant work as a laundry worker (DOT# 302.685-010), which the Dictionary of Occupational Titles classifies as having a light exertional level, and is unskilled, with a SVP of 2. In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as generally performed in the national economy. Pursuant to SSR 00-4p, the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles.

(R.p. 24).

[10]A Work Disability Report, completed by an employee of Charleston Mental Health Center on approximately September 6, 2011, lists Plaintiff's last position as a laundry worker at a hotel from 1994 to 1998, but fails to include any information concerning the physical and mental demands of that position. (R.pp. 7, 307-310).



finding that Plaintiff could do her past relevant work, and prior determinations as well as Plaintiff's work history report indicating that the work Plaintiff performed was at the medium level.

Although the ALJ stated in his decision that the VE's testimony was consistent with the information contained in the DOT (R.p. 24), nowhere in the hearing transcript did he ever ask the VE about the apparent unresolved conflict between the records and evidence identifying Plaintiff's past jobs as medium work and the VE's use of the light work domestic laundry jobs DOT number. While it may be that Plaintiff's work as a hotel laundry worker was light work, any such finding would need to be made based on proper questioning of the VE and in response to a hypothetical which included Plaintiff's job requirements. Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989) [In order for a vocational expert's opinion to be helpful and relevant, it must be "in response to proper hypothetical questions which thoroughly set out all of claimant's impairments"]; Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991) [hypothetical question submitted to the VE must state the claimant's impairments with precision].

A decision cannot be based on VE testimony that is not properly developed and not in compliance with the Social Security regulations. Cf. Estrada v. Barnhart, 417 F.Supp.2d 1299, 1302-1304 (M.D.Fla. Feb. 24, 2006); Lellhame v. Barnhart, 128 Fed.Appx. 618, 619 (9th Cir. 2005). Therefore, this action should be remanded to the Commissioner to determine the physical and mental demands of Plaintiff's past relevant work as a hotel laundry worker and if she can perform this past relevant work in light of all of the evidence and applicable law. With respect to the remainder of Plaintiff's claims of error, the ALJ will be able to reconsider and re-evaluate the evidence in toto as part of the reconsideration of this claim. Hancock v. Barnhart, 206 F.Supp.2d 757, 763-764



(W.D.Va. 2002)[On remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted *de novo*].

<u>**Conclusion**</u>

Based on the foregoing, and pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner with remand in Social Security actions under Sentence Four of 42 U.S.C. § 405(g), it is recommended that the decision of the Commissioner be **reversed**, and that this case be **remanded** to the Commissioner for reevaluation of the evidence as set forth hereinabove, and for such further administrative action as may be necessary.  <u>See</u> <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993).

The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

October 30, 2015
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

10
